JUAN H. FONT, Plaintiff and Appellee-Appellant *v.* IGNACIO LÓPEZ COLÓN, Defendant and Appellant-Appellee.

No. 8347. Argued March 5, 1942.—Decided March 19, 1942.

*Francis & Belaval* for appellee-appellant. *Víctor M. Pons* for appellant-appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

On April 29, 1937, in the town of Cayey, Lorenzo Fernández, an eight year old boy, was seriously injured when struck by an automobile belonging to Ignacio López Colón, the defendant, while the said automobile was being driven by the

latter's chauffeur. Ignacio López Colón was not in the automobile when the accident took place. The boy was taken to the Municipal Hospital at Cayey. When López Colón was advised of the accident, he hastened to the Municipal Hospital and ordered the boy removed to the Font Clinic, owned and operated by Dr. Juan H. Font, the plaintiff.

The boy was treated for shock; a serious and extensive abdominal operation was performed on him the next day; he was subjected to various blood and urine tests and given different medicines during his hospitalization; an operation to correct a fracture of his left leg was performed on him; he was hospitalized for 54 days; and he was discharged while still suffering from paralysis and a shortening of the left leg, both conditions destined to be permanent.

The plaintiff sued the defendant for $760.50 for the professional services thus rendered to the boy. The district court awarded him $654.50 with interest from the date of filing of the complaint, but without attorney's fees. The defendant has appealed and the plaintiff has filed an appeal asking for a $500.00 attorney's fee.

Although the defendant originally took the position that the complaint did not state a cause of action, he has not argued that question here. The complaint was sufficient within the doctrine laid down in *Marchán* v. *Egüen*, 44 P.R.R. 396, 402, and in *García* v. *Preston et al.*, 17 P.R.R. 556. Nor is there any dispute as to the value finally fixed by the district court on the professional services rendered.

The only substantial question in this case is whether or not the defendant obligated himself to pay the plaintiff for the said professional services. To absolve himself of liability the defendant invokes the so-called humanitarian rule that when one summons medical aid for a person in distress no obligation to pay therefor is thereby created. See 125 A.L.R. 1428. The defendant also relies on a line of cases decided by this court holding that "one who calls upon a physician

to render services to another is not liable for those services *in the absence of an express agreement to pay therefor."* *Navas* v. *Aetna Casualty & Surety Co.*, 41 P.R.R. 139, 142, (italics ours); *Susoni* v. *Cubero et al.*, 38 P.P.R. 684; *Morales* v. *Cortés*, 50 P.R.R. 867.

The plaintiff contends that there was such an express agreement in this case. Dr. Juan Nieves, Assistant Director of the Clinic who performed most of the professional services involved herein, testified that when the defendant arrived at the Font Clinic he told Dr. Nieves:

"Look after that boy, I am responsible; I will pay for medical treatment, and attend to him immediately."

The defendant denies this conversation, but the district court believed Dr. Nieves. In view of the fact that the defendant ordered the removal of the boy, who had been struck by his car and was on the point of death, from a public charitable hospital to a private clinic, we can not find that the district court was unreasonable in believing the testimony of Dr. Nieves. The fact that thereafter the defendant learned of the decision of this court under which he disclaimed civil responsibility for the accident (See *Vélez* v. *Llavina*, 18 P.R.R. 634) can not alter any commitment he had already made. If at the time the defendant did obligate himself to pay for medical attention for the boy, it is immaterial whether he was actuated by motives of legal or moral responsibility or pure humanitarianism.

It is true that the type of service or the time during which it was to be rendered was not specified in the arrangement made by the defendant with Dr. Nieves. But we do not find under the circumstances that the services actually rendered and the value placed thereon by the court went beyond a fair interpretation of the language used by the defendant to Dr. Nieves. Yet because of this factor the defendant was at liberty to terminate his obligation at any time, and we hold that he did so as a result of an inter-

change of telegrams which took place when the plaintiff's representatives became aware that the defendant and his insurance company contended that under the doctrine of *Vélez* v. *Llavina, supra,* the defendant was absolved from any responsibility to the boy. These telegrams were as follows:

"Administrative purposes Font Clinic require you ratify by telegram your statement to attorney Pons that you would be responsible for medical fees and hospitalization of injured boy Lorenzo Fernández. Dr. J. Nieves Colón."

"Insurance company will pay clinical expenses Lorenzo Fernández. Ignacio López."

We shall therefore modify the judgment to exclude the award of $4.00 a day made by the district court for hospitalization for 31 days after receipt of the last telegram, totalling $124.

The district court erred in allowing interest from the date of the filing of the complaint. This suit not being for a sum certain, interest should have been allowed only from the date of the entry of the judgment. *Frías* v. *Berríos,* 58 P.R.R. 138.

The only question raised by the appeal of the plaintiff is the failure of the district court to allow attorney's fees. In view of the circumstances above recited, we are unable to conclude that there was any error committed by the district court in that respect. See Act No. 69, Laws of Puerto Rico, 1936.

With the modifications herein indicated the judgment of the district court will be affirmed.

Mr. Justice Travieso did not participate herein.